PARTOLA MANUFACTURING COMPANY, Plaintiff, *v.* CONGRESS WAREHOUSE AND FORWARDING CORPORATION, Defendant.

(Supreme Court, New York Special Term, July, 1919.)

Lease — covenants — landlord and tenant — merger.
Injunctions — pendente lite — when motion for denied.

Defendant is the owner of several properties one of which is an uncovered yard, enclosed by a brick wall, having exits on two streets and protected by sliding doors entirely enclosing the openings. There was also on the plot, a platform scale for weighing trucks, the beam of which was in a one-story brick building formerly used by defendant as an office, and situated on one of the said streets. The brick building has three large windows, three smaller windows, which admit light into water closets, and one door opening upon the brick enclosed space. A lease of all the properties to plaintiff contained a covenant that defendant would not use or permit to be used " any part of the demised premises for any business or purpose other than the storage and sale of non-combustible chemicals, or any other merchandise or articles not more hazardous or injurious to the building, or * * * obstruct the lights or skylights thereof,

injure or disfigure the said building in any way, or make any alterations therein, or allow the same to be done, without first obtaining the written consent of the landlord." A lease from plaintiff to defendant of the uncovered yard restricted the premises demised " for storing of trucks and any other purpose to which the landlord may agree," and omitted the restrictive covenant contained in the defendant's lease to plaintiff; otherwise the two leases contain identical clauses, particularly the term of each lease being coterminous. *Held,* that there was no intention to prevent a merger of the lesser estate granted to defendant, in its larger title of fee simple absolute.

An injunction *pendente lite* restraining defendant from continuing to construct a roof over the premises leased to it by plaintiff and from constructing a brick wall parallel to and about six inches from the side wall of the office building, denied on the ground that defendant's acceptance of the lease from plaintiff merged all that it contained thereby in the fee, and that there was no violation of any of plaintiff's rights.

MOTION for an injunction.

Hovell, McChesney & Clarkson (Sidney A. Clarkson, of counsel), for motion.

Wing & Wing (Arthur K. Wing), opposed.

LUCE, J.  This motion seeks to restrain the defendant, during the pendency of the action for a permanent injunction, from continuing the building operation on premises Nos. 179–181 West Houston street, and from doing any act in connection with said premises, excepting the storing of defendant's trucks therein, or any other act without plaintiff's written consent.  The defendant is the owner in fee of Nos. 179–181, 183 and 189 West Houston street, and Nos. 1, 3 and 5 Congress street, Manhattan borough.  By lease dated August 29, 1918, the defendant leased to the plaintiff Nos. 1, 3 and 5 Congress street and Nos. 179–181 and 189 West Houston street for a term of five years and seven months, beginning October 1,

1918, and ending May 1, 1924. Nos. 179–181 West Houston street was an uncovered yard, inclosed by an eight-foot brick wall, having exits on West Houston street and Congress street, protected by sliding doors entirely inclosing the openings. There was also on the plot a platform scale adapted for weighing trucks the beam of which was in a brick one-story building formerly used by the defendant as an office, and situated upon No. 1 Congress street. This brick building has three large windows, three smaller windows and one door opening upon this brick inclosed space. The smaller windows admit light into water closets. There is some doubt if on October 1, 1918, the defendant delivered possession of Nos. 179 and 181 West Houston street to the plaintiff. On January 15, 1919, the plaintiff leased, by a written instrument, to the defendant Nos. 179–181 West Houston street for a term ending May 1, 1924, that being the termination of defendant's lease to plaintiff of the whole premises. The defendant has commenced the construction of a roof over these premises, and as a part of the work is engaged in constructing a brick wall, parallel to and distant about six inches from the side wall of the office building, containing the windows and door heretofore described. The scale has been removed, the scale pit filled, and preparations made for a 550-gallon gasoline tank below the surface. The plaintiff seeks this injunction because of irreparable damage suffered by destroying the light of the side windows and the ventilation of the water closets, and the breach of the covenant in the lease of plaintiff to defendant, which restricts the premises demised "for storing of trucks and any other purpose to which the landlord (plaintiff) may agree." The lease of plaintiff to defendant omits the following clause, contained in the defendant's lease to the plaintiff: "*Third.* That

the tenant will not use, or permit to be used, any part of the demised premises for any business or purpose other than the storage and sale of non-combustible chemicals, or any other merchandise or articles not more hazardous or injurious to the building, or assign this lease or use the roof of said building, obstruct the lights or skylights thereof, injure or disfigure the said building in any way, or make any alterations therein, or allow the same to be done, without first obtaining the written consent of the landlord, or permit to be displayed upon any part of said premises the sign of any real estate broker.'' The removal of the scale is also counted upon to sustain the injunction, but as the scale was upon the premises demised to defendant by the lease of January 15, 1919, the removal cannot injure the plaintiff, since the defendant had no right to use it. The destruction of the plaintiff's light is answered by the defendant's allegation that the office building has ample windows opening upon Congress street for the front room of the office, and a skylight for the rear room, and the uselessness of the door is apparent, since it leads only to the premises demised to defendant. The defendant is constructing this roof in connection with a building it is erecting upon No. 183 West Houston street. Much stress is placed by the defendant upon the omission from the lease of January 15, 1919, above quoted, and argues that the omission signifies the plaintiff acquiesced, if it did not consent, to the defendant's building operation. Had there been a simple surrender of the premises demised to the defendant there would be no doubt but that the defendant then would hold the premises freed from any covenants, and at liberty to use its premises as if no lease had been made by it to the plaintiff. Unless there be in this lease of plaintiff

such clause or clauses as may prevent a merger, the acceptance of the leasehold by the defendant merged all it obtained from plaintiff in the larger title of fee simple absolute. The plaintiff at best has only a leasehold interest in the premises demised to it by the defendant in the August instrument. With the exception of the restriction limiting the use of the premises demised to the defendant '' for storing of trucks and any other purpose to which the landlord may agree,'' and the omission of the third clause, already quoted, the two leases contain identical clauses, particularly the term of each lease being coterminous. The situation of the parties, the lease-hold interest of the plaintiff in the premises, the coterminous expiration of the leases, the deduction of the rent reserved in the January fifteenth lease from the rental fixed in the August lease, and the payment of the difference by plaintiff to defendant, all indicate there was no intention of the parties to prevent a merger of the lesser estate, granted to defendant in its larger title of fee simple absolute. If merged, then the defendant holds its title freed from any limitation imposed by the lease of January fifteenth. There is such merger, and therefore the defendant has not violated any of plaintiff's rights. The importance of this decision to the parties is apparent, since no appeal can be heard till October, and ere then the building causing this litigation will be completed and occupied, and because of this importance the moving papers have been carefully studied. Motion is denied, with ten dollars costs.

Motion denied, with ten dollars costs.